IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerry Serrette #310394,<br>a/k/a Jerry Gerald Serette<br><br>      Petitioner,<br><br>vs.<br><br>Warden Edsel Taylor,<br>U.S. Attorney's Office,<br>Immigration & Customs Enforcement (ICE),<br>and South Carolina Attorney General,<br><br>      Respondents. | C/A No. 8:15-1807-HMH-JDA<br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

This is an action seeking habeas corpus relief under 28 U.S.C. § 2241, or, in the alternative, a motion to stay deportation. [Doc. 1.] Petitioner alleges that he currently is a prisoner in the custody of the South Carolina Department of Corrections ("SCDC") at MacDougall Correctional Institution. [*Id.*] The Petition is subject to summary dismissal.

## BACKGROUND

Petitioner alleges that he is serving a sentence of 18 months incarceration for a state conviction of distribution of marijuana pursuant to S.C. Code § 44-53-370. [Doc. 1 at 1.] He alleges on or about March 2, 2015, the United States Immigration Custom Enforcement ("ICE") sent an agent to MacDougall Correctional Institution to inform him that he is subject to deportation.[*] [*Id.* at 1–2.] Liberally construed, he seems to allege the United States has placed a detainer on him relating to future deportation. [*Id.*] He contends that he should be released from SCDC custody on August 1, 2015. [*Id.*]

---

[*]On this Court's § 2241 habeas form that Petitioner was directed to complete, he indicates that a hold for deportation has been placed on him. [Doc. 1-3 at 2, 9.]

Petitioner brings this § 2241 habeas action because he contends his current offense is classified as non-violent, and thus it is not a deportable offense. [Doc. 1.] Further, he asserts several equitable reasons, such as children and employment, to argue that he should be permitted to remain in the United States. [*Id.*] He also contends that deportation should be stayed until a deportation evidentiary hearing can be held. [*Id.*]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. Petitioner filed this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. This statute authorizes the Court to dismiss a case if it is satisfied that the action fails to state a claim on which relief may be granted, is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Additionally, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam). However, even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Ordinarily, federal habeas corpus relief for a state prisoner may be available post conviction pursuant to 28 U.S.C. § 2254. However, a federal court may entertain an application for habeas relief pursuant to 28 U.S.C. § 2241 if a prisoner is "'in custody' in violation of the Constitution or laws or treaties of the United States." *See Hernandez-Regules v. Immigration and Customs Enforcement*, C/A No. 1:13-2622-DCN-SVH, 2013 WL 5964569, at *3 (D.S.C. Nov. 7, 2013). However, a prisoner is not considered to be "in custody" of the United States Immigration and Naturalization Service even where an immigration, or ICE, detainer has been filed. *Id.* Thus, a prisoner may not file a § 2241 habeas petition to challenge an ICE detainer just because the ICE detainer was filed where the prisoner is not otherwise in INS custody. *Id.* In this case, it appears that Petitioner is in the custody of SCDC and an ICE detainer may have been filed against him. However, there is no allegation that Petitioner is otherwise in the custody of ICE. Therefore, Petitioner has failed to state a claim on which relief may be granted pursuant to § 2241.

To the extent this action may be construed as an attempt by Petitioner to argue that he should not be subject to removal or deportation, this Court does not have jurisdiction to decide issues related to removal of an alien. *See Harrison v. United States Attorney Gen.*, C/A No. 4:11-21-JFA-TER, 2011 WL 1113596, at *3 (D.S.C. Feb. 24, 2011). "In fact, Congress has specifically prohibited the use of habeas corpus petitions as a way of obtaining review of questions arising in removal proceedings." *Johnson v. Whitehead*, 647 F.3d 120, 124–25 (4th Cir. 2011). After a petitioner completes the immigration

3

administrative process, judicial review may be had by petition for review to the appropriate United States Court of Appeals. *Id.*; *see* 8 U.S.C. § 1252; *see also Castillo v. Holder*, 776 F.3d 262 (4th Cir. 2015) (finding that the Board of Immigration Appeals erred and vacating the order for a petitioner's removal).

## **RECOMMENDATION**

Accordingly, it is recommended that this action be dismissed without prejudice and without requiring the Respondents to file an answer or return.  **Petitioner's attention is directed to the important notice on the next page.**

May 28, 2015                                               s/Jacquelyn D. Austin
Greenville, South Carolina                         United States Magistrate Judge

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).